UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20459-Cr-SCOLA/GOODMAN(s)

UNITED STATES OF AMERICA

v.

BENITO MONTES DE OCA CRUZ,

Defendant.

_____/

## STIPULATED FACTUAL BASIS

The United States and BENITO MONTES DE OCA CRUZ ("the defendant") hereby stipulate and agree that had this matter proceeded to trial, the United States would have offered evidence and testimony to establish the following factual basis beyond a reasonable doubt:

At all relevant times, the defendant was a Site Supervisor employed by Riverside House whose job responsibilities included home visits to monitor compliance by federal inmates who were serving portions of their sentences of incarceration in home confinement.  Riverside House and its employees, including the defendant, provided these federal prisoner home confinement supervisory and monitoring services to the Federal Bureau of Prisons pursuant to a contract between Riverside House and the Federal Bureau of Prisons and the Attorney General of the United States.

At all relevant times, the individual referred to as Victim 1 in the Superseding Information ("the Victim") was a female person who had been sentenced to a 51-month term of incarceration, and who was serving a portion of that term of incarceration in home

1

confinement.   The Victim's period of home confinement ran from on or about September 9, 2020, to on or about February 5, 2021 ("the home confinement period").   It was not until on or about February 5, 2021, that the Victim was released from the custody of the Federal Bureau of Prisons and commenced her term of supervised release under the supervision of the United States Probation Office.   As such, during the home confinement period the Victim was being held in custody at her residence by direction of and pursuant to a contract or agreement with the Attorney General of the United States, and therefore, she was in official detention during the home confinement period.

In addition, the terms of the home confinement agreement signed by the Victim specifically stated that she legally remained in the custody of the Federal Bureau of Prisons and the Attorney General, and that failure to remain at her designated home confinement location could result in a prosecution for escape.   As a result of her custodial status during the home confinement period, her residence during that time was a facility in which persons were held in custody by direction of and pursuant to a contract or agreement with the Attorney General of the United States.

Pursuant to the terms of the Victim's home confinement and the contract between Riverside House and the Federal Bureau of Prisons, Riverside House was responsible for providing custodial, supervisory, and disciplinary oversight of the Victim concerning her compliance with the terms of home confinement as part of her service of her sentence of incarceration.   The defendant was the Riverside House Site Supervisor assigned to do the site visits to the Victim's residence to determine her compliance with the terms of her home confinement, and as a result, the Victim was under the custodial, supervisory,

and disciplinary authority of the defendant.

On or about December 28, 2020, a date during the Victim's home confinement period, the defendant conducted a home confinement supervision visit to the Victim's residence, which was located in Miami-Dade County, in the Southern District of Florida. While inside the Victim's residence, the defendant engaged in and caused sexual contact with and by the Victim through the intentional touching of the defendant's penis by the Victim, and by the intentional touching, directly, of the Victim's breasts, inner thighs, genitalia, and buttocks, with the intent to gratify the defendant's sexual desire. Specifically, among other sexual contact, the defendant was on top of the Victim with both of them naked, and the defendant was masturbated by the Victim. As a result of this sexual contact with the Victim, the defendant ejaculated, with some of the ejaculate getting onto and being preserved by the Victim.

After receiving information indicating that there may have been some sort of sexual activity between the defendant and the Victim during the home confinement period, law enforcement interviewed the Victim. In this interview, the Victim stated that the defendant engaged in sexual activity with her at her residence, and she provided law enforcement with what she stated was semen the defendant ejaculated ("the sample"). The Victim also provided two short videos from this encounter with the defendant.

The sample was submitted for serological and DNA examination along with DNA swabs taken from the defendant pursuant to a federal search warrant. The laboratory testing determined that the sample was semen, and that the DNA results from the sample were "16 octillion times more likely if [the defendant] is a contributor than if an unknown,

3

unrelated person is a contributor" with this conclusion being deemed by the laboratory to be very strong support for inclusion of the defendant as the source of the semen.

The videos were reviewed and one showed the defendant naked on top of the naked Victim on her bed, and the other showed the naked Victim approaching the defendant, who was lying naked on her bed.  In addition, the defendant subsequently gave a voluntary interview to law enforcement, during which he admitted engaging with the Victim in sexual contact, including being masturbated by the Victim, during a site visit to her residence during the home confinement period.   The defendant also acknowledged that he was the individual with the Victim in those two videos.

The United States and the defendant agree that this Stipulated Factual Basis, while not containing all facts known to the United States, is sufficient to satisfy all the necessary elements required to establish the guilt of the defendant to the crime charged in the Superseding Information.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/17/2023     By: _____
Edward N. Stamm
Assistant United States Attorney

Date: 1/12/2023     By: _____
Avelino J. Gonzalez, Esq.
Attorney for Defendant

Date: 1/12/2023     By: _____
Benito Montes de Oca Cruz
Defendant

4